# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| REBECCA SCHWARTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:16-cv-01588-SGC |
| ) | |
| THE TJX COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

The court has before it the October 30, 2017 motion for summary judgment filed by Defendant The TJX Companies, Inc. ("TJ Maxx"). (Doc. 25). Pursuant to the court's initial order and November 21, 2017 order, the motion is fully briefed and under submission as of December 21, 2017. (Docs. 7 and 27). The motion is due to be granted for the following reasons.

## I. STATEMENT OF FACTS

On September 15, 2014, Plaintiff and her husband went to TJ Maxx in Oxford, Alabama, to purchase gifts for the pastors at their church. (Doc. 28-2 at 6). Upon entering, Plaintiff got a shopping cart located at the front of the store. (*Id.* at 7). Plaintiff described the shopping cart as "your regular shopping cart buggy thing, but then the wheels came down and jutted out the back like alligator

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 6).

mouths practically." (*Id.*). She stated the wheel "was like something's sticking out in your way." (*Id.*). Although she noticed the wheel while getting the shopping cart, Plaintiff did not think it would cause her any problems. (*Id.*).

Plaintiff first spent some time shopping for items for herself and finished her shopping in the men's department for the gifts she needed. (*Id.* at 6-7). After placing the gifts in her shopping cart, she proceeded to the front of the store to check out. (*Id.* at 7, 9). When she reached the checkout lane, Plaintiff estimated she had been in the store for about 45 minutes. (*Id.* at 7). At this point, Plaintiff's husband left the store and went to the parking lot to start their car. (Id. at 13).

Plaintiff turned the shopping cart into the last register and placed it on the side of the counter "where it was supposed to be and the lady [cashier] started unloading it." (*Id.* at 9). The cashier began helping Plaintiff remove items in the cart from the front end, as Plaintiff removed items from the rear of the cart. (*Id.* at 10). As Plaintiff went to remove the last item from the cart, the cashier noticed Plaintiff was having difficulty reaching the item and said she would get it for her. (*Id.*). The cashier reached for the item, and the cart started rolling back and rolled into Plaintiff. (*Id.*). Plaintiff testified she believed the cashier pushed the cart toward her because it would not have otherwise moved. (*Id.*).

As the cart rolled, "the wheels and the apparatus that came out to hold the wheels . . . caught [Plaintiff's] foot and threw [her] down." (*Id.* at 11). Plaintiff

explained she "was standing there to get the last . . . little bitty thing out, and when [she] walked over there, it just must have rolled right in front of [her] feet, because it tripped [her] up, and down [she] went before [she] could get anything out." (*Id*. at 10). According to Plaintiff, the wheels of the shopping cart were sticking out in a way that caused her to fall. (*Id*. at 11). Her foot did not get caught between the side of the counter and the shopping cart. (*Id*.).

Plaintiff testified she fell to her knees and was injured. (*Id*. at 12). Plaintiff stated her right knee and left hip were injured, but she did not break anything. (*Id*.). She contends she has been in continuous pain since the accident. (*Id*.).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions,

answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id*. at 249.

## III. DISCUSSION

Plaintiff's complaint alleges two claims against TJ Maxx under Alabama law: negligence and wantonness. (Doc. 1-2 at 2-3). Defendant contends summary judgment is proper as to both claims. The court agrees.

### A. Plaintiff's Negligence Claim

To prevail on a claim for negligence under Alabama law, "a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff." *Kmart Corp. v. Bassett*, 769 So. 2d 282, 284 (Ala. 2000) (quoting *Lowe's Home Centers, Inc. v. Laxson*, 655 So. 2d 943, 945-46 (Ala. 1994)). The liability of a premises

owner turns on the classification given to the injured party. *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997). Because Plaintiff was a business invitee, TJ Maxx owed her a duty to "exercise reasonable care in maintaining [its] premises in a reasonably safe condition." *Bishop v. South*, 642 So. 2d 442, 445 (Ala. 1994).

The duty of a premises owner to an invitee such as Plaintiff "is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Harvell v. Johnson*, 598 So. 2d 881, 883 (Ala. 1992). The duty requires the premises owner to "warn of hidden defects and dangers that are known to it, but that are unknown or hidden to the invitee." *Raspilair v. Bruno's Food Stores, Inc.*, 514 So. 2d 1022, 1024 (Ala. 1987). This duty does not, however, convert a premises owner into an insurer of its invitees' safety. *Hose v. Winn–Dixie Montgomery, Inc*., 658 So .2d 403, 404 (Ala. 1995). The mere fact an invitee is injured does not create a presumption of negligence on the part of the premises owner. *Id*. Rather, a premises owner is liable in negligence only if it "fail[s] to use reasonable care in maintaining its premises in a reasonably safe manner." *Id*.

Based on the undisputed evidence, Defendant did not owe a duty to warn Plaintiff of any alleged defect or danger because the wheels on the shopping cart were not a hidden defect. Plaintiff clearly testified she noticed the issues with the

5

wheels soon after she entered the store. Nonetheless, she continued using the cart for 45 minutes before she fell. There is no evidence TJ Maxx failed to use reasonable care in maintaining its shopping carts. Instead, the evidence establishes Plaintiff knew of the alleged defect in the shopping cart.

Additionally, Plaintiff has not provided any evidence the wheels of the shopping cart were dangerous. She did not offer any expert testimony and relies solely on her subjective testimony. The mere fact she fell when the wheels hit her does not establish the wheels were dangerous. Moreover, Plaintiff did not provide any evidence Defendant had actual or constructive knowledge the wheels were a trip hazard. Simply put, Plaintiff has not established TJ Maxx breached a duty owed to her as an invitee.

The court rejects Plaintiff's argument that the decision whether the defect was hidden or open and obvious should be submitted to a jury. (Doc. 28 at 7-8). Whether a duty arises in a particular case is typically a question of law. *Garner v. Covington County*, 624 So. 2d 1346, 1350 (Ala. 1993). In support of her argument, Plaintiff relies on *Cox v. Western Supermarkets, Inc.*, 557 So. 2d 831 (Ala. 1983). Not only is this case factually distinguishable, it was decided under the old "scintilla of evidence" rule. *Id.* at 832. The issues on summary judgment, however, are determined under the "substantial evidence" rule. *See, e.g., Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009). Therefore, *Cox* is

not persuasive as to whether Plaintiff presented substantial evidence to withstand Defendant's motion for summary judgment.

Additionally, Plaintiff's contention the *res ipsa loquitur* doctrine applies misses the mark. (Doc. 28 at 9-11). The *res ipsa loquitur* doctrine allows "an inference of negligence where there is no direct evidence of negligence." *Ex parte Crabtree Industrial Waste, Inc.,* 728 So. 2d 155, 156 (Ala. 1998). For the doctrine to apply, a plaintiff must show: (1) the defendant . . . had full management and control of the instrumentality which caused the injury; (2) the circumstances [are] such that according to common knowledge and the experience of mankind the accident could not have happened if those having control of the [instrumentality] had not been negligent; [and] (3) the plaintiff's injury . . . resulted from the accident." *Id*. (internal quotations and citations omitted). However, "[i]f one can reasonably conclude that the accident could have happened without any negligence on the part of the defendant[ ], then the *res ipsa loquitur* presumption does not apply." *Id*. at 158.

Alabama Courts have consistently held the doctrine of *res ipsa loquitur* does not apply in premises liability cases. *See, e.g., Lilya v. Greater Gulf State Fair*, 855 So. 2d 1049 (Ala. 2003). "The owner of a premises is not an insurer of the safety of his invitees, and the principle of *res ipsa loqutur* is not applicable. There is no presumption of negligence which arises from the mere fact of injury to an

7

invitee." *Id.* at 1054; *see Burlington Coat Factory of Ala., LLC v. Butler*, 156 So. 3d 963 (Ala. Civ. App. 2014); *Neeley v. Gateway, Inc.* 977 So. 2d 511 (Ala. Civ. App. 2007). As such, the doctrine does not apply to TJ Maxx in this case, and TJ Maxx is entitled to summary judgment on Plaintiff's negligence claim.

### B. Plaintiff's Wantonness Claim

The Alabama Code defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20(b)(3) (1975). In other words, wantonness is "'the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.'" *Ex parte Capstone Bldg. Corp.*, 96 So. 3d 77, 84 (Ala. 2012) (quoting *Bozeman v. Central Bank of the South*, 646 So. 2d 601, 603 (Ala. 1994)). Wanton conduct, unlike negligence, requires proof the defendant knew of the possible dangers associated with an act and that injury would likely result from that act. *Tolbert v. Tolbert*, 903 So. 2d 103, 114-15 (Ala. 2004). "Wantonness is not merely a higher degree of culpability than negligence." *Id.* at 114. There is no evidence Defendant possessed the requisite level of consciousness to establish wantonness as a matter of Alabama law. As such, Defendant is entitled to summary judgment on Plaintiff's wantonness claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant The TJX Companies, Inc. is entitled to judgment as a matter of law on all the claims asserted in Plaintiff's complaint. As such, Defendant's motion for summary judgment (Doc. 25) is due to be granted. A separate order will be entered.

**DONE** this 6th day of April, 2018.

*/s/ Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE